The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

    Plaintiff,

v.

ELITE BOSS TECH INCORPORATED, 11020781 CANADA INC., DANIEL FAGERBERG LARSEN, JOHN DOE NO. 1 A/K/A "SLYTIGER" A/K/A ARTHUR S. ADERHOLT, JOHN DOE NO. 2 A/K/A "BADGER," JOHN DOE NO. 3 A/K/A "LUZYPHER," JOHN DOE NO. 4 A/K/A "GOODMAN," JOHN DOE NO. 5 A/K/A "YIMOSECAI," JOHN DOE NO. 6 A/K/A "RIDDELL," JOHN DOE NO. 7 A/K/A "PISKUBI93," AND JOHN DOES NO. 8-20,

    Defendants.

Case No. 2:21-cv-01112-TL

JOINT STATUS REPORT AND DISCOVERY PLAN

1. **The Nature and Complexity of the Case**

    This is a complex case involving parties and third parties in the United States, Canada, Europe, and China, and involving a wide variety of different technologies, hardware, software, source code and hacking methodologies that the parties anticipate will require significant expert testimony.

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

a. **Bungie's Statement of the Factual and Legal Bases of the Claims**

Plaintiff filed this action seeking damages, a permanent injunction and other equitable relief, alleging that Defendants infringed upon their intellectual property rights, breached the Limited Software Licensing Agreement ("LSLA") to which they lawfully agreed, intentionally interfered with their contractual relationships with their customers, conspired with others to commit various tortious acts,  violated 18 U.S.C. § 1962(a), (b), & (c) ("RICO"), 17 U.S.C. § 1201(a) ("Circumvention of Technological Measures"), 18 U.S.C. § 1030(a)(5)(B) ("The Computer Fraud and Abuse Act"), and RCW 19.86.020 ("Washington Consumer Protection Act").

The Plaintiff, Bungie, Inc., is the independent developer, owner, intellectual property rights holder and distributor of the video game *Destiny 2*, a shared-world online first-person shooter that can be played alone, with players testing themselves against the game itself, or against other players in various multiplayer modes. *Destiny 2* is free-to-play, with any prospective player able to download the base game for free on any number of platforms, such as PC, XBOX Series 1, and the Playstation 5. Plaintiff earns revenue from their game through the sale of in-game currency, used to purchase in-game items and collectibles, seasonal passes to grant access to additional rewards, and expansions, which provide extensive amounts of new content added on to the base game.

Defendants own, operate, and market several commercial websites that sell access software that hacks, infringes upon, and alters Plaintiff's video game, *Destiny 2*, allowing customers to cheat in the game space.  Because of the online nature of *Desitny 2*, these cheats not only effect the play experience of the cheating player, but all other players they play against or alongside. Both the manufacture and use of this cheating software is a violation of the LSLA that all players of *Destiny 2*, from the Defendants to their cheat developers to their customers, must agree to in order to play the game.

JOINT STATUS REPORT AND DISCOVERY PLAN - 2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

Destiny 2's commercial viability depends on the integrity of its gameplay and the positive experiences of its players. Defendants' cheats threaten the *Destiny 2* experience, which costs Plaintiff customers, causes harm to its reputation, and costs it exorbitant amounts of money in the development of anti-cheating mitigation technology. Defendants are fully aware their conduct is tortious and illegal. They have gone to great lengths to hide their identities and operate anonymously, including the use of false identities, fake addresses, and corporate services that specialize in the registration of websites anonymously. Defendants' Wallhax website includes "terms of use" that purport to require users to pay "$30,000 per day" for accessing the website if they are employees or agents of a number of game development studios. While these listed game development studios do not count Bungie among their number, Defendants have taken several targeted steps to attempt to evade Plaintiff's notice following other suits Plaintiff has filed against other cheat developers, such as deleting any mention on their website of *Destiny 2* and adding the word "Destiny" to their website's profanity filter.

Based on the facts outlined above and others as alleged in the Complaint, Plaintiff pled eight causes of action: copyright infringement, civil RICO, DMCA anti-circumvention, violation of the Computer Fraud and Abuse Act, breach of contract, tortious interference with contract, civil conspiracy, and violation of the Washington Consumer Protection Act.

**b. Defendants'[1] Statement of the Factual and Legal Bases of the Defenses.**

The Defendants Elite Boss Tech, Inc. ("Elite Boss"), Robert Nelson ("Nelson"), and 11020781 Canada, Inc. ("110 Canada") (collectively, "Elite Defendants") acknowledge that the Plaintiff, Bungie, Inc. is the developer and distributor of the video game *Destiny 2*. The Elite

---

[1] Only Defendants Robert James Duthie Nelson, Elite Boss Tech, Incorporated, and 11020781 Canada, Inc. have appeared to date. Defendant Daniel Fagerberg Larsen has been served but has not appeared, and Plaintiff anticipates seeking entry of a default as to him. Plaintiff also now understands that "Slytiger" and "Arthur S. Aderholt" are names used by Mr. Nelson, and therefore that John Doe No. 1 is not a distinct individual. The other Doe defendants have not

JOINT STATUS REPORT AND DISCOVERY PLAN - 3

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

Defendants also acknowledge that Bungie owns certain intellectual property rights pertaining to *Destiny 2* and requires customers who play *Destiny 2* to agree to the LSLA.

Elite Boss is a software development company. Nelson is its sole owner. In 2020, Elite Boss solely developed, and began distributing a software program that individuals can use to interact with Destiny 2 ("Elite Software"). The Elite Software assists a player with in-game tasks in *Destiny 2* such as advancing levels or completing repetitive events. Nelson's involvement is strictly limited to his capacity as the owner of Elite Boss and does not act in any way in his individual capacity regarding anything Elite Boss does as a company.

Claims against Nelson: The Elite Defendants have several defenses to Bungie's claims. First, under Canadian law Elite Boss, 110 Canada, and Nelson are not alter-egos. Nelson is merely an owner of Elite Boss and 110 Canada. The entities maintain separate identities under the law and they comply with all corporate formalities under Canadian law. Elite Boss is the sole entity responsible for making and selling its Elite Software. Therefore, Bungie fails to state claims against Nelson upon which relief can be granted. As to the merits of Bungie's claims against the Elite Defendants, they are as follows:

Copyright Infringement: Proof of copyright infringement requires that the Elite Defendants directly made, contributed to making, or vicariously made unauthorized copies of *Desitiny 2*.[2] Under no circumstances during the development of the *Elite Software* have the Elite Defendants made or distributed any copies of, nor has it made any derivative works of the *Destiny 2* software. Although Elite Boss's *Elite Software* interacts with *Destiny 2*, *Elite Software* makes no unauthorized copies of *Destiny 2*. In fact, the Elite Defendants contend that certain terms in Bungie's LSLA are unenforceable, the Elite Defendants contest the very notion that creating a third-party software program that interacts with *Destiny 2* creates a derivative work under the 17 U.S.C. 101 definition of a derivative work. To the extent that Elite Boss used any

---

[2] Metro-Goldwyn-Mayer v. Grokster Ltd., 380 F.3d 1154, 1160; 1164 (9th Cir. 2004).

JOINT STATUS REPORT AND DISCOVERY PLAN - 4

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

audiovisual elements in its marketing video, those elements meet the definition of fair use. Moreover, the use of a copy of *Destiny 2* to create third-party software that Bungie objects does not constitute copyright infringement as the breach of a covenant in the LSLA does not create a copyright infringement either directly or indirectly.  Thus, the Elite Defendants are not liable for copyright infringement.

<u>Civil RICO</u>: Despite what Bungie alleges in its complaint, the mere creation and sale of software products that Bungie objects to that are sold to third parties and used with Bungie's software does not meet even the broadest reading of what constitutes wire fraud, criminal copyright infringement, and money laundering, i.e. "racketeering activity" under 18 U.S.C. § 1961(1) of the Civil RICO statutes.

<u>Digital Millennium Copyright Act</u>: Violation of the DMCA, occurs when there is a causal connection between the circumvention of a security measure and an infringement of the defendants' copyright. 17 U.S.C. § 1201.[3]  Although Elite Boss's *Elite Software* can avoid detection, it does so solely for the purpose of interacting with *Destiny 2* and not for making unauthorized copies of Bungie's software.  Furthermore, only someone who has purchased a legitimate license of *Destiny 2* purchases Elite Boss's *Elite Software*.  Any restrictions in Bungie's LSLA that prohibit circumvention of its detection measures for interoperability purposes constitute copyright misuse.  And those restrictions are preempted by the interoperability exception in the DMCA.[4]  Additionally, Bungie's detection mechanisms are not security measures that protect against unauthorized copying of *Destiny 2*.  It is a program that detects third-party software that interacts with *Destiny 2*.  Therefore, Bungie's various misuses of their copyright is a defense to its claims against the Elite Defendants for violating the DMCA (17 U.S.C. § 1201(a)) and infringing Bungie's copyright either contributorily or vicariously through third parties.

---

[3] *Storage Tech. v. Cus. Hardwr Engin.*, 421 F.3d 1307, 1319 (Fed. Cir. 2005).

[4] 17 U.S.C. § 1201(f).

JOINT STATUS REPORT AND DISCOVERY PLAN - 5

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

<u>Computer Fraud and Abuse Act</u>: Bungie's claim for violation of the Computer Fraud and Abuse Act (§ 1030(a)(5)(B)) fails.  First, any computer that operates *Destiny 2* as a client machine is not a protected computer that Bungie owns, and second, to the extent that any server computer that Bungie owns is a "protected computer" under the statute's definition, none of the defendants access the server or cause damage to it.

<u>Breach of Contract</u>: The Defendants maintain that despite Bungie's terms in its LSLA to the contrary, Bungie's claims that it can control any third party from developing software that interacts with its own software through its LSLA are meritless. And to the extent any liability exists for the Elite Defendants for breaching the LSLA, it would lie solely with the Elite Boss and not Nelson or 110 Canada.

<u>Tortious Interference with Contract</u>: Bungie's claims for tortious interference with third-party contracts requires that the Elite Defendants acted with improper means and motive, without economic justification, and that the Elite Defendants damaged Bungie.  The Elite Defendants did not act with improper motive to cause any breach of the LSLA.  Elite Boss's only motive was to earn a profit by selling its Elite Software.  Although the Elite Defendants were aware of the terms in Bungie's agreements prohibiting interaction between *Destiny 2* and third-party software, the Elite Defendants allege that these terms were overreaching and unenforceable due to copyright misuse.  The unenforceability of the LSLA in addition to Elite Boss's desire to earn profits without motive to interfere with Bungie's contracts justifies Elite Boss' actions.

<u>Washington Consumer Protection Act and Civil Conspiracy</u>: As to Bungie's claims for violating the Washington Consumer Protection Act and Civil Conspiracy, the Elite Defendants again refer the Court to the above-stated defenses.  Specifically, Elite Boss has earned its profits through lawful development and sales of its *Elite Software* program.

**2. <u>Alternative Dispute Resolution</u>**

The parties agree to submit these matters to mediation pursuant to Local Rule CR 39.1.

JOINT STATUS REPORT AND DISCOVERY PLAN - 6

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

3. **Timing of Alternative Dispute Resolution**

The parties agree to submit these matters to mediation between June 15th and August 31st, 2022.

4. **Proposed Deadline for Joining Additional Parties**

The parties proposed deadline for joining additional parties is July 1st, 2022.

5. **Proposed Discovery Plan**

 a. **Fed. R. Civ. P. 26(f) Conference**

The Fed. R. Civ. P. 26(f) conference was held telephonically on February 8, 2022. Both plaintiff and defendant were represented by counsel. Pursuant to the Court's order, Plaintiff's initial disclosures were provided on February 17, 2022. Defendant's initial disclosures were provided on February 23, 2022. This Joint Status Report and Discovery Plan pursuant to Fed. R. Civ. P. 26(f) will have been filed by February 24th, 2022.

 b. **Discovery to be Conducted**

Plaintiff intends to serve discovery requests regarding, but not necessarily limited to: the development, sale, and marketing of Defendants' *Destiny 2* cheats; the identities of Defendant's affiliates and conspirators; the sales and commercial data surrounding the operation of defendant's illicit business; Copies of electronic mail messages between Defendants and their affiliates and developers; documents relating to earnings, payments, commissions or other consideration provided to any affiliate, prospective affiliates or terminated affiliate; documents relating to earnings, payments, commissions or other consideration provided to any cheat developer or contractor; documents relating to earnings, payments, commissions or other consideration provided to any marketing services; documents relating to the operation of Defendants cheat software; documents and communications related to the efforts taken by defendants to defeat or evade Plaintiff's anti-cheating efforts; Defendants' knowledge of, and disregard of, Plaintiff's LSLA;

JOINT STATUS REPORT AND DISCOVERY PLAN - 7

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

Defendants intends to serve discovery requests regarding; but not necessarily limited to: any documents in Plaintiff's possession or fact witnesses that support any element of Plaintiff's claims against the Defendants. This may include any information to demonstrate how Plaintiff can show any of the Defendants infringed Plaintiff's copyrighted works, violated either 18 U.S.C. § 1030(a)(5)(B) or § 1961(1), breached the Plaintiff's LSLA, violated 17 U.S.C. § 1201(a), or tortiously interfered with the Plaintiff's LSLA. The Defendants anticipate that discovery will be conducted in phases. Initially, the Defendants will serve written discovery upon the Plaintiff in the form of requests for interrogatories, document production requests and admissions. Upon receipt of the responses to the written discovery requests, depositions of the Plaintiff's fact witnesses will take place. And depending upon what is disclosed, the Defendants may issue subpoenas of other non-party fact witnesses.

    c. **<u>Limitations on Discovery</u>**

The parties agree that no changes or additions should be made to the limitations to discovery imposed under the Federal Rules of Civil Procedure and the Local Civil Rules.

    d. **<u>Management of Discovery</u>**

The parties agree that the Federal Rules of Civil Procedure and the Local Civil Rules shall be used to manage discovery so as to minimize expenses.

    e. **<u>Other Orders to Be Entered by the Court</u>**

The parties agree that, at the time of the Joint Status Report and the Standard Protective Order, no other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c) or Local Rules CR 16(b) and (c).

6. **<u>Date of Completion of Discovery</u>**

The parties agree that all fact discovery matters in this case will be completed by August 31st, 2022, that expert discovery will be completed by December 15, 2022, and that dispositive motions, if any, will be filed by January 31, 2023.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

The parties have agreed to the following internal deadlines, and have committed to work cooperatively to adjust them as may be necessary as discovery proceeds:

Service of initial document requests and interrogatories: April 4, 2022

Completion of document production: June 15, 2022

Time to amend or add additional parties: July 1, 2022

Identification of affirmative experts: August 15, 2022

Identification of rebuttal experts: August 31, 2022

Affirmative expert reports: September 30, 2022

Rebuttal expert reports: October 31, 2022

7. **Consent to Magistrate Judge to Conduct All Proceedings**

Plaintiff consents to a Magistrate Judge for all pre-trial matters. Defendant consents to a magistrate judge as well.

8. **Bifurcation**

The parties agree that the liability issues and damages issues in this case should not be bifurcated.

9. **Pretrial Statements and Pretrial Orders**

The parties agree that the pretrial statements and a pretrial order pursuant to Local Rules CR 16(e), (h), (i), and (l), and 16.1 should be required in whole and not dispensed.

10. **Suggestions for Shortening and/or Simplifying the Case**

The parties do not have further suggestions for shortening or simplifying this case.

11. **Date for Trial**

The parties agree that this matter will be ready for trial the week of June 5, 2023.

12. **Jury or Non-Jury Trial**

Elite Defendants state that there should be a trial by jury with no limitations.

Plaintiff contends that any jury trial should be limited to a jury's determination of Defendant's liability for civil penalties, see Tull v. U.S., 481 U.S. 412 (1987), and that the

JOINT STATUS REPORT AND DISCOVERY PLAN - 9

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

amount of civil penalty, and determinations regarding liability for and the nature of injunctive relief are reserved to the Court.

13. **Numbers of Days For Trial**

Pending discovery, the parties believe that this matter should be able to be tried within 7 court days.

14. **Names, Addresses, Email Addresses, and Telephone Numbers of All Trial Counsel**

Akiva M. Cohen
(*pro hac vice*)
KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.
1700 Broadway
New York, NY 10019
Telephone: (212) 400-4930
Email: acohen@kusklaw.com

Dylan M. Schmeyer, Colorado Bar No. 50573
(*pro hac vice*)
KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.
750 W. 148th Ave, #4216
Westminster, CO 80023
Telephone: (719) 930-5942
Email: dschmeyer@kusklaw.com

Brian W. Esler
MILLER NASH LLP
Pier 70
2801 Alaskan Way, Suite 300
Seattle, WA 98121
Telephone: (206) 624-8300
Fax: (206) 340-9599
Email: brian.esler@millernash.com

Lance C. Venable
The Law Office of Lance C. Venable, PLLC
4939 W. Ray Rd.
Suite 4-219
Chandler, AZ 85226-2066
Tel: 602-730-1422
Email: lance@venableiplaw.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 10

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

```
 1   Duncan C. Turner
 2   Badgley Mullins Turner PLLC
     19929 Ballinger Way, Suite 200
 3   Seattle, WA 98155
     Phone: 206-340-5907
 4   Fax: 206-621-9696
     Email: dturner@badgleymullins.com
 5
 6        DATED this 23rd day of February, 2022.
 7
 8
                                          By: s/ *Brian W. Esler*
 9                                        Brian W. Esler, WSBA No. 22168
                                          MILLER NASH LLP
10                                        Pier 70
                                          2801 Alaskan Way, Suite 300
11                                        Seattle, WA 98121
                                          Telephone: (206) 624-8300
12                                        Fax: (206) 340-9599
                                          Email: brian.esler@millernash.com
13
                                          Akiva M. Cohen, New York Bar No. 4328969
14                                        (Admitted *pro hac vice*)
                                          KAMERMAN, UNCYK, SONIKER
15                                        & KLEIN, P.C.
                                          1700 Broadway
16                                        New York, NY 10019
                                          Telephone: (212) 400-4930
17                                        Email: acohen@kusklaw.com

18                                        Dylan M. Schmeyer, Colorado Bar No. 50573
                                          (Admitted *pro hac vice*)
19                                        KAMERMAN, UNCYK, SONIKER
                                          & KLEIN, P.C.
20                                        2600 S. Rock Creek Parkway #36-202
                                          Superior, CO 80027
21                                        Telephone: (719) 930-5942
                                          Email: dschmeyer@kusklaw.com
22
                                                 Attorneys for Plaintiff
23
                                          By: s/ *Lance C. Venable*
24                                        Lance C. Venable
25                                        The Law Office of Lance C. Venable, PLLC
                                          4939 W. Ray Rd.
26                                        Suite 4-219
```

JOINT STATUS REPORT AND DISCOVERY PLAN - 11

ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

| | |
|---|---|
| 1 | Chandler, AZ 85226-2066 |
| 2 | Tel: 602-730-1422 |
|   | Email: lance@venableiplaw.com |
| 3 | |
| 4 | Duncan C. Turner |
|   | Badgley Mullins Turner PLLC |
| 5 | 19929 Ballinger Way, Suite 200 |
|   | Seattle, WA 98155 |
| 6 | Phone: 206-340-5907 |
|   | Fax: 206-621-9696 |
| 7 | Email: dturner@badgleymullins.com |
| 8 | Attorneys for Defendant |
|   | Elite Boss |

4884-8581-2496.1

JOINT STATUS REPORT AND DISCOVERY PLAN - 12

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121