The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

    Plaintiff,

v.

ELITE BOSS TECH INCORPORATED, 11020781 CANADA INC., DANIEL FAGERBERG LARSEN, JOHN DOE NO. 1 A/K/A "SLYTIGER" A/K/A ARTHUR S. ADERHOLT, JOHN DOE NO. 2 A/K/A "BADGER," JOHN DOE NO. 3 A/K/A "LUZYPHER," JOHN DOE NO. 4 A/K/A "GOODMAN," JOHN DOE NO. 5 A/K/A "YIMOSECAI," JOHN DOE NO. 6 A/K/A "RIDDELL," JOHN DOE NO. 7 A/K/A "PISKUBI93," AND JOHN DOES NO. 8-20,

    Defendants.

Case No. 2:21-cv-01112-TL

CONSENT JUDGMENT AND PERMANENT INJUNCTION

Based upon the Parties' Stipulation dated June 9, 2022, the Court finds, and orders that judgment is entered against Defendant Robert James Duthie Nelson, Elite Boss Tech, Inc., and 11020781 Canada Inc. ("Defendants") as follows:

1. Defendants' software referenced in the Complaint includes a software module that is designed to be used with *Destiny 2* ("the Destiny 2 Software Module") that displays a

CONSENT JUDGMENT AND PERMANENT INJUNCTION - 1
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

graphical overlay that integrates into and annotates Plaintiff's copyrighted *Destiny 2* audiovisual work, and thereby infringes as an unauthorized derivative work.

2. Defendants' software with the Destiny 2 Software Module operates by injecting code into Plaintiff's copyrighted *Destiny 2* code, with the combined code working in concert to enable and provide the "hacks" marketed by Defendants, and thereby infringes as an unauthorized derivative work.

3. Defendants' infringement was willful.

4. In addition, Defendants' software with the Destiny 2 Software Module operates to circumvent technological measures Plaintiff employs to control and limit access to its software, including by aimbot smoothing and accessing data Plaintiff otherwise denies users access to, in violation of 17 U.S.C. § 1201(a) and (b).

5. The Destiny 2 Software Module has been downloaded 6,765 times, and each such download constitutes an independent provision of a circumvention device in violation of 17 U.S.C. § 1201(a) and (b).

6. Judgment is hereby entered against Defendant in the amount of $13,530,000.00, representing statutory damages of $2,000 per violation of 17 U.S.C. § 1201.

7. Any claims alleged in the Complaint and not addressed herein are withdrawn by Plaintiff.

In addition, pursuant to 17 U.S.C. §§ 502, 504, 505, 506, and 1201, and this Court's inherent equitable powers, the Court orders as follows:

8. Defendants, all persons acting under Defendants' direction or control (including but not limited to Defendants' agents, representatives, and employees), and those persons or companies in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, must immediately and permanently cease and desist from any of the following:

CONSENT JUDGMENT AND PERMANENT INJUNCTION - 2
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

    a. Taking any steps on Defendants' own behalf or assisting others in creating, distributing, advertising, marketing or otherwise making available; obtaining, possessing, accessing or using; promoting, advertising, or encouraging or inducing others to purchase or use (including via any social media account, website, or video-sharing account); selling, reselling, or processing payments for; assisting in any way with the development of; sharing, copying, transferring, or distributing; publishing or distributing any source code or instructional material for the creation of; or operating, assisting, promoting or linking to any website designed to provide information to assist others in accessing, developing or obtaining: (i) the Destiny 2 Software Module, either alone, or in conjunction with the Defendants' Software; or (ii) any software whose use infringes Intellectual Property owned or controlled by Plaintiff or its parents, subsidiaries, or affiliates (collectively, "Plaintiff"), circumvents technological measures that effectively control access to Plaintiff's games, violates Plaintiff's licensing agreements, assists players of Plaintiff's games in violating Plaintiff's licensing agreements, or is designed to exploit or enable the exploitation of any game owned, published, distributed or operated by Plaintiff.

    b. Investing or holding any financial interest in any enterprise, product, or company which Defendant knows or has reason to know is now, or intends in the future to be, engaged in any of the foregoing activities prohibited by this Judgment and Permanent Injunction.

    c. Reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization, any game owned, published, or operated by Plaintiff, or providing any assistance to any person or entity engaged in such activities.

CONSENT JUDGMENT AND PERMANENT INJUNCTION - 3
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

9. The Court further enjoins Defendants and all third parties acting in concert and participation with Defendants, including but not limited to any domain name registrars or registries holding or listing any of Defendants' websites or storefronts, from supporting or facilitating access to any and all domain names, URLs, and websites (including, but not limited to, insert sites), including any and all future and successor domain names, URLs, and websites, through which Defendants traffic in circumvention devices that threaten Plaintiff's technological protection measures or which infringe Plaintiff's Intellectual Property rights.

10. Defendants are prohibited from using any social network, video sharing, or digital messaging accounts under their control (including, but not limited to, Facebook, groups or chats on Facebook, YouTube, Twitter, Tik Tok, Discord, GBATemp, Reddit, Telegram, Skype, WeChat, WhatsApp, Signal, or their equivalent) to provide any content relating to the distribution, marketing, offering for sale, or promotion of the Defendants' Software or any other software whose use infringes any of Plaintiff's Intellectual Property Rights, circumvents Plaintiff's technological measures that effectively control access to Plaintiff's games, or violates (or assists players of Plaintiff's games in violating) Plaintiff's license agreements, and must take all necessary steps to remove any information on any non-dedicated (e.g., personal) social network accounts under Defendants' control used to distribute or promote any of the foregoing.

11. Defendants are further prohibited from engaging in any other violation of the Digital Millennium Copyright Act or the Copyright Act, or any other federal or state law, with respect to Plaintiff and its intellectual property.

12. Defendants must destroy the Destiny 2 Software Module or any software that in any way interacts with or pertains to Plaintiffs' Intellectual Property.

13. This permanent injunction constitutes a binding court order, and any violations of this order by Defendants will subject them to the full scope of this Court's contempt authority, including punitive, coercive, and monetary sanctions.

CONSENT JUDGMENT AND PERMANENT INJUNCTION - 4
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

14. Any company or entity that any of Defendants control in the future will also comply with the provisions of this Judgment and Permanent Injunction.

15. This permanent injunction is binding against Defendants worldwide, without regard to the territorial scope of the specific intellectual property rights asserted in the Complaint and may be enforced in any court of competent jurisdiction wherever Defendants or their assets may be found.

16. The Parties irrevocably and fully waive notice of entry of this Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction. Plaintiff is not required to post any bond or security in connection with the Final Judgment and Permanent Injunction, and Defendants have permanently, irrevocably, and fully waived any right to request a bond or security.

17. The Parties irrevocably and fully waive all rights to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

18. Nothing contained in this Judgment and Permanent Injunction limits the right of the Plaintiff to seek relief, including without limitation damages, for any infringements of any Intellectual Property rights occurring after the date of this Judgment and Permanent Injunction.

19. While the Court will administratively close the case, the Court will retain jurisdiction of this action to entertain further proceedings and to enter further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and Permanent Injunction. The Parties consent to the personal jurisdiction of the United States District Court for the Western District of Washington for purposes of enforcing the Judgment and Permanent Injunction.

20. The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54, the Court directs immediate entry of this Judgment and Permanent Injunction against Defendants.

CONSENT JUDGMENT AND PERMANENT INJUNCTION - 5
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

| | |
|---|---|
| By: s/ *Brian W. Esler*<br>Brian W. Esler, WSBA No. 22168<br>MILLER NASH LLP<br>Pier 70<br>2801 Alaskan Way, Suite 300<br>Seattle, WA 98121<br>Telephone: (206) 624-8300<br>Fax: (206) 340-9599<br>Email: brian.esler@millernash.com<br><br>Akiva M. Cohen, New York Bar No. 4328969<br>(Admitted *pro hac vice*)<br>KAMERMAN, UNCYK, SONIKER<br>& KLEIN, P.C.<br>1700 Broadway<br>New York, NY 10019<br>Telephone: (212) 400-4930<br>Email: acohen@kusklaw.com<br><br>Dylan M. Schmeyer, Colorado Bar No. 50573<br>(Admitted *pro hac vice*)<br>KAMERMAN, UNCYK, SONIKER<br>& KLEIN, P.C.<br>2600 S. Rock Creek Parkway #36-202<br>Superior, CO 80027<br>Telephone: (719) 930-5942<br>Email: dschmeyer@kusklaw.com<br><br>Attorneys for Plaintiff | By: s/ *Lance C. Venable*<br>Lance C. Venable<br>The Law Office of Lance C. Venable, PLLC<br>4939 W. Ray Rd., Suite 4-219<br>Chandler, AZ 85226-2066<br>Telephone: (602) 730-1422<br>Email: lance@venableiplaw.com<br><br>Duncan C. Turner<br>Badgley Mullins Turner PLLC<br>19929 Ballinger Way, Suite 200<br>Seattle, WA 98155<br>Telephone: (206) 340-5907<br>Fax: (206) 621-9696<br>Email: dturner@badgleymullins.com<br><br>Attorneys for Defendants |

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED. The Clerk is directed to enter judgment against Defendants Robert James Duthie Nelson, Elite Boss Tech, Inc., and 11020781 Canada, Inc. and in favor of plaintiff Bungie, Inc. in conformity with the stipulations above.

Dated this 29th day of June 2022.

_____
Tana Lin
United States District Judge

4860-5690-4484.1

CONSENT JUDGMENT AND PERMANENT INJUNCTION - 6
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121