The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br>Plaintiff,<br>v.<br>ELITE BOSS TECH INCORPORATED, 11020781 CANADA INC., DANIEL FAGERBERG LARSEN, ROBERT JAMES DUTHIE NELSON, SEBASTIAAN JUAN THEODOOR CRUDEN A/K/A "LUZYPHER," JOHN DOE NO. 4 A/K/A "GOODMAN," YUNXUAN DENG A/K/A "YIMOSECAI," ANTHONY ROBINSON A/K/A "RULEZZGAME," EDDIE TRAN A/K/A "SENTIENT", CHENZHIJIE CHEN A/K/A "CHENZHIJIE402, DSOFT, CVR 37454303, MARTA MAGALHAES A/K/A MINDBENDER A/K/A BLUEGIRL, AND JOHN DOES NO. 9-20,<br>Defendants. | Case No. 2:21-cv-01112-TL<br>MOTION TO FILE OVER-LENGTH MOTION FOR DEFAULT JUDGMENT<br>**NOTE ON MOTION CALENDAR: December 21, 2022** |

Pursuant to LCR 7(f), Plaintiff Bungie, Inc. ("Bungie") requests that the Court permit Bungie to file an over-length motion for default judgment, which motion is expected to be filed by December 30, 2022. Motions for default judgment are normally limited to 6 pages. LCR 7.1. Bungie seeks to file a motion containing 39 additional pages, for a total length of 45 pages.



MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

On July 29, 2022, the Clerk entered an order of default against defendant Daniel Fagerberg Larsen. Dkt. #35. As alleged in the Complaint [Dkt. #1], and as will be set forth in much greater detail in the proposed motion and supporting evidence, Larsen has been running an international organization that creates, sells, and supplies illegal "cheats" to be used in Bungie videogames. This is an extremely complex case, with nine causes of action, including a claim under the Racketeer Influenced and Corrupt Organizations Act, which necessitates in-depth discussions of Larsen's pattern of activity and multiple different predicate acts. The underlying technology, including the cheating software at issue in this case, is sophisticated, and cannot be sufficiently described and analyzed without a dramatically increased page count. Bungie is seeking over $10 million in compensatory, statutory, and punitive damages, attorneys fees, and an injunction. Bungie needs the extra pages to explain how it uncovered Larsen's involvement, how it verified that involvement through technological sleuthing and (now) cooperating defendants and other witnesses, how Larsen's "cheats" damaged Bungie and profited Larsen, and why Bungie should be entitled to not only damages and fees, but also an injunction. The six-page limit is insufficient for Bungie to provide the Court with sufficient facts and authorities, and to demonstrate Bungie's entitlement to all the relief it is seeking. For these reasons, Bungie seeks permission to file an over-length motion to provide the Court with all the detail necessary to support the relief that Bungie seeks.

DATED this 21st day of December, 2022.

By: s/ *Brian W. Esler*
Brian W. Esler, WSBA No. 22168
MILLER NASH LLP
Pier 70
2801 Alaskan Way, Suite 300
Seattle, WA 98121
Telephone: (206) 624-8300
Fax: (206) 340-9599
Email: brian.esler@millernash.com

Akiva M. Cohen, New York Bar No. 4328969
(Admitted *pro hac vice*)
KAMERMAN, UNCYK, SONIKER
& KLEIN, P.C.
1700 Broadway
New York, NY 10019
Telephone: (212) 400-4930
Email: acohen@kusklaw.com

Dylan M. Schmeyer, Colorado Bar No. 50573
(Admitted *pro hac vice*)
KAMERMAN, UNCYK, SONIKER
& KLEIN, P.C.
750 W. 148th Ave #4216
Westminster, CO 80023
Telephone: (719) 930-5942
Email: dschmeyer@kusklaw.com

Attorneys for Plaintiff

4890-1217-4661.1