The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>ELITE BOSS TECH INCORPORATED, 11020781 CANADA INC., DANIEL FAGERBERG LARSEN, ROBERT JAMES DUTHIE NELSON, SEBASTIAAN JUAN THEODOOR CRUDEN A/K/A "LUZYPHER," JOHN DOE NO. 4 A/K/A "GOODMAN," YUNXUAN DENG A/K/A "YIMOSECAI," ANTHONY ROBINSON A/K/A "RULEZZGAME," EDDIE TRAN A/K/A "SENTIENT", CHENZHIJIE CHEN A/K/A "CHENZHIJIE402, DSOFT, CVR 37454303, MARTA MAGALHAES A/K/A MINDBENDER A/K/A BLUEGIRL, AND JOHN DOES NO. 9-20,<br><br>                Defendants. | Case No. 2:21-cv-01112-TL<br><br>MOTION TO SEAL (1) MOTION FOR DEFAULT AND (2) SUPPORTING DECLARATIONS<br><br>**NOTE ON MOTION CALENDAR:**<br>**January 20, 2023** |

## OVERVIEW AND RELIEF REQUESTED

Pursuant to LCR 5(g)(3), Plaintiff Bungie, Inc. requests that the Court permanently seal the following materials submitted in support of its Motion for Default Against Larsen: (1) portions of the Declaration of Patrick Schaufuss (the "Schaufuss Declaration"), (2) portions of the Declaration of James Barker (the "Barker Declaration"), (3) portions of the Declaration of

MOTION TO SEAL - 1
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

Bungie's technical expert, Steven Guris (the "Guris Declaration"), and (4) those portions of the Motion for Default (the "Brief") that reference the sealed portions of the Guris, Barker, and Schaufuss Declarations. As set forth below, there are compelling reasons to grant this motion as the Schaufuss Declaration and Guris Declaration each detail the manner in which Defendant Larsen, through the Wallhax Enterprise, was able to successfully circumvent Bungie's technological protection measures and created a program that allowed players of Bungie's *Destiny 2* videogame to cheat (collectively, the "Cheats"), while the Barker Declaration discusses non-public information about those technological protection measures. Bungie has included those details in its supporting materials so as to allow the Court to assess Larsen's liability, but allowing those details to enter the public record would then provide a how-to manual that would allow others to create new or equivalent Cheats more easily, thus defeating the very purpose of this lawsuit. Bungie is submitting a redacted version of the Motion and Declaration, so that much of the details of its investigation will be in the public domain. However, Bungie seeks to protect the technological kernels of how Larsen's Cheats were able to circumvent Bungie's trade secret technological protection measures so as to prevent others from simply copying Larsen's illegal methods. This Circuit has long recognized that even on dispositive motions, courts can seal material that "could result in improper use of the material for scandalous or libelous purpose or infringement upon trade secrets." *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990). Bungie seeks to seal only those materials that provide such technical descriptions that would allow others to insights into how to build further illegal cheats. There can be no legitimate public purpose or interest in furthering such illegal behavior.

### **CERTIFICATION UNDER LCR 5(G)(3)(A)**

The other served defendants have stipulated to judgments already, and thus no longer have any interest in this case. Defendant Larsen has not appeared at all. Thus, there is no one with whom Bungie's counsel can or needs to confer.

MOTION TO SEAL - 2
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

**FACTUAL BACKGROUND**

As described in greater detail in the Motion for Default, Bungie, Inc. is the developer and publisher of the critically acclaimed video game *Destiny 2*, a shared world massive multiplayer online shooter. Declaration of James Barker ("Barker Dec"), ¶ 2. *Destiny 2* operates on a free-to-play model; the base game and experience is completely free, and any console or PC owner with the hardware and the inclination can download and play. *Id.*, ¶ 7. The player can then elect to become a customer: Bungie offers for sale various expansions and packs of content that add story missions and campaigns, new weapons and items, and any manner of cosmetic and aesthetic enhancements that can be obtained using an in-game currency, Silver, that a player may purchase. *Id.* As such, Bungie's business depends entirely upon community good will and the high quality of their player experience. *Id.*, ¶ 8. The better the game is, and the more fun it is to play, the more players open their wallets and become paying customers.

Cheat software imperils Bungie's entire free-to-play business model. Barker Dec, ¶¶ 13-14. When the game is unfair, and when its competitive modes are so saturated with cheaters as to become broken, players stop having fun. *Id.* When they do, they stop spending money, stop participating in the game's community, stop promoting the game in their own capacity and fans, influencers, and creators, and sometimes, stop playing altogether. *Id.* Additionally, the proliferation of cheating leads to bad press and scorn from the wider industry. *Id.*, ¶ 14 and Ex. 2. As such, Bungie devotes considerable resources to anti-cheat mitigation measures, and to identifying and banning offenders. Barker Dec, ¶¶ 16-22. The more complex and novel the cheat, the more expensive it is to combat, both in money and man hours. *Id.*, ¶ 25. Larsen's cheat has demanded substantial investments of time, resources, effort, and legal expenses to combat. *Id.*, ¶ 26; *see also* Declaration of Steven Guris ("Guris Dec"), ¶4.

Daniel Fagerberg Larsen ("Larsen") is a cheater who makes a living developing and selling illegal cheat software, and a resident of Denmark. Declaration of Robert James Duthie Nelson ("Nelson Dec"), ¶ 3; Declaration of Patrick Schaufuss ("Schaufuss Dec"), ¶¶ 1-2, 13, 17.

MOTION TO SEAL - 3
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

Larsen and his partners worked together to develop and sell Cheats. Schaufuss Dec, ¶ 1; Nelson Dec, ¶¶ 2-11. Larsen and his co-Defendants, Nelson and Patrick Schaufuss (a/k/a "Badger") were partners in the cheat software business, who developed and sold subscriptions to cheat software to multiple games, including *Destiny 2*, from the Wallhax.com website. Schaufuss Dec, ¶¶ 1, 3; Nelson Dec, ¶¶ 16-21.

As described in more detail in the declarations supporting the Motion for Default, Larsen and the Wallhax Enterprise developed various Cheats that allow *Destiny 2* players to see other players through obstacles, shoot through obstacles, have perfect aim, and generally disrupt the game to the advantage of those who employ the Cheats. The portions of the Motion and Declarations that Bungie seeks to seal reveal technical details of both how the Cheats were able to successfully compromise the *Destiny 2* program and what measures Bungie has in place to combat cheating. As explained in the accompanying Declaration of James Barker, allowing such details to enter the public domain would simply allow others to pick up on Larsen's work and propagate further cheats.

**ARGUMENT**

When considering whether to seal portions of the Court's record, a "strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The standard for determining whether to grant a motion to seal depends upon the filing to which that the sealed document is attached. *Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*, No. C17-0814JLR, 2019 WL 3082302, at *1 (W.D. Wash. July 15, 2019) (Robart, J.). If the document is attached to a dispositive motion, the movant must show that "compelling reasons" support sealing the information. *Kamakana*, 447 F.3d at 1180. Any records related to motions that are more than tangentially related to the merits of the underlying action are subject to the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Bungie assumes for purposes of this motion that

MOTION TO SEAL - 4
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

documents related to entry of a default judgment require showing "compelling reasons" for sealing.

In determining whether there are compelling reasons to seal, "courts should consider all relevant factors, including: `the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d at 1135 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Courts must "`conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135). After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1295 (9th Cir. 1986)). Compelling reasons may exist to seal "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing ... [but] courts should exercise caution not [to] allow these exceptions [to] swallow the strong presumption in favor of disclosure." *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

Courts in the Ninth Circuit (and this District in particular) have recognized that information that describes the internal and confidential information about the operations of computer hardware and software that is meant to limit access to the hardware's or software's operations, and information on how to circumvent it, generally meets that "compelling reasons" standard and should be sealed, because revealing that information would allow competitors to obtain commercial advantages or be used by unscrupulous hackers to circumvent the publisher's technological security measures. *E.g.*, *Philips North America, LLC v. Summit Imaging, Inc.*,

MOTION TO SEAL - 5
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

Case No. C19-1745-JLR, 2021 WL 1895836, * 2 (W.D. Wash. 2021); *Genuine Enabling Tech., LLC v. Nintendo Co, Ltd.*, Case No. C19-000351-RSM, 2020 WL 4366181, at *1 (W.D. Wash. July 30, 2020); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366993, at *3 (N.D. Cal. Sept. 25, 2013).

Here, the information that Bungie seeks to seal is information describing the internal security measures Bungie has implemented in its *Destiny 2* game, as well as information regarding how the Wallhax Enterprise's Cheats work to circumvent Bungie's security measures. There is no public interest in knowing such information but revealing such information in a public filing would not only allow competitors insight into Bungie's security measures, but would also allow new cheat software developers to replicate or even improve on the Wallhax Enterprise's Cheats. Bungie has already been injured by the Cheats; allowing others to view publicly how the Cheats work so as to develop other and better cheats would be salt on the wounds and result in reinjuring Bungie just as it manages to shut down these particular Cheats.

Further, there are no less restrictive alternatives here to sealing. Bungie has tried to limit the amount of sensitive information it has included in its Motion and the supporting Declarations, but necessarily must provide the Court with sufficient information to support the request for a default judgment. Bungie should not be punished for providing such detail, which would be the result if the information it seeks to seal were to become public.

In particular, Bungie seeks to seal the following:

| Filing | Page/Lines | Compelling Reason |
|---|---|---|
| Guris Declaration | ¶¶ 12-13, 17-28, 31-39 | Reveals details relating to the design and operation of the Wallhax Cheat, and disclosure would harm Bungie |
| Schaufuss Declaration | A portion of ¶5 (page 3, line 2), and ¶¶ 6-12 | Reveals details relating to the design and operation of the Wallhax Cheat, and |

MOTION TO SEAL - 6
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

| | | disclosure would harm Bungie |
|---|---|---|
| Barker Declaration | ¶¶ 19, 23 | Reveals details relating to Bungie's technology protection measures, and disclosure would harm Bungie |
| Motion for Default Judgment | Those portions citing or discussing the information redacted from the above Declarations | Reveals details relating to Bungie's technology protection measures, and disclosure would harm Bungie |

## CONCLUSION

For all of the above reasons, Bungie's Motion to Seal should be granted.

DATED this 20th day of January, 2023.

By: s/ *Brian W. Esler*
Brian W. Esler, WSBA No. 22168
MILLER NASH LLP
Pier 70
2801 Alaskan Way, Suite 300
Seattle, WA 98121
Telephone: (206) 624-8300
Fax: (206) 340-9599
Email: brian.esler@millernash.com

MOTION TO SEAL - 7
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

Akiva M. Cohen, New York Bar No. 4328969
(Admitted *pro hac vice*)
KAMERMAN, UNCYK, SONIKER
& KLEIN, P.C.
1700 Broadway
New York, NY 10019
Telephone: (212) 400-4930
Email: acohen@kusklaw.com

Dylan M. Schmeyer, Colorado Bar No. 50573
(Admitted *pro hac vice*)
KAMERMAN, UNCYK, SONIKER
& KLEIN, P.C.
750 W. 148th Ave #4216
Westminster, CO 80023
Telephone: (719) 930-5942
Email: dschmeyer@kusklaw.com

Attorneys for Plaintiff

4876-7992-6091.2

MOTION TO SEAL - 8
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121