The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

Plaintiff,

v.

ELITE BOSS TECH INCORPORATED, 11020781 CANADA INC., DANIEL FAGERBERG LARSEN, ROBERT JAMES DUTHIE NELSON, SEBASTIAAN JUAN THEODOOR CRUDEN A/K/A "LUZYPHER," JOHN DOE NO. 4 A/K/A "GOODMAN," YUNXUAN DENG A/K/A "YIMOSECAI," ANTHONY ROBINSON A/K/A "RULEZZGAME," EDDIE TRAN A/K/A "SENTIENT", CHENZHIJIE CHEN A/K/A "CHENZHIJIE402, DSOFT, CVR 37454303, MARTA MAGALHAES A/K/A MINDBENDER A/K/A BLUEGIRL, AND JOHN DOES NO. 9-20,

Defendants.

Case No. 2:21-cv-01112-TL

ORDER GRANTING MOTION TO SEAL MOTION FOR DEFAULT AND SUPPORTING DECLARATIONS

[PROPOSED]

This matter having come before the Court upon Plaintiff Bungie, Inc.'s Motion to Seal materials submitted in support of its Motion for Default Against Larsen, to wit: (1) portions of the Declaration of Patrick Schaufuss (the "Schaufuss Declaration"), (2) portions of the Declaration of James Barker (the "Barker Declaration"), (3) portions of the Declaration of Bungie's technical expert, Steven Guris (the "Guris Declaration"), and (4) those portions of the

ORDER GRANTING MOTION TO SEAL - 1
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1  Motion for Default (the "Brief") that reference the sealed portions of the Guris, Barker, and
2  Schaufuss Declarations. Having reviewed the relevant record, the Court GRANTS the motion.
3     When considering whether to seal portions of the Court's record, a "strong presumption
4  in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172,
5  1178 (9th Cir. 2006). Any records related to motions that are more than tangentially related to
6  the merits of the underlying action are subject to the "compelling reasons" standard. *Ctr. for
7  Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). In determining
8  whether there are compelling reasons to seal, "courts should consider all relevant factors,
9  including: `the public interest in understanding the judicial process and whether disclosure of the
10 material could result in improper use of the material for scandalous or libelous purposes or
11 infringement upon trade secrets." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d at 1135
12 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).
13    Compelling reasons may exist to seal "trade secrets, marketing strategies, product
14 development plans, detailed product-specific financial information, customer information,
15 internal reports and other such materials that could harm a party's competitive standing . . . ." *In
16 re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2
17 (N.D. Cal. Apr. 22, 2019). Courts in the Ninth Circuit (and this District in particular) have
18 recognized that information that describes the internal and confidential information about the
19 operations of computer hardware and software that is meant to limit access to the hardware's or
20 software's operations, and information on how to circumvent it, generally meets that
21 "compelling reasons" standard and should be sealed, because revealing that information would
22 allow competitors to obtain commercial advantages or be used by unscrupulous hackers to
23 circumvent the publisher's technological security measures. *E.g.*, *Philips North America, LLC v.
24 Summit Imaging, Inc.*, Case No. C19-1745-JLR, 2021 WL 1895836, * 2 (W.D. Wash. 2021);
25 *Genuine Enabling Tech., LLC v. Nintendo Co., Ltd.*, Case No. C19-000351-RSM, 2020 WL
26

ORDER GRANTING MOTION TO SEAL - 2
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

4366181, at *1 (W.D. Wash. July 30, 2020); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366993, at *3 (N.D. Cal. Sept. 25, 2013).

      Larsen and the Wallhax Enterprise developed various Cheats for Bungie's *Destiny 2* game that allow players to see other players through obstacles, shoot through obstacles, have perfect aim, and generally disrupt the game to the advantage of those who employ the Cheats. The portions of the Motion and Declarations that Bungie seeks to seal reveal technical details of both how the Cheats were able to successfully compromise the *Destiny 2* program and what measures Bungie has in place to combat cheating. As explained in the accompanying Declaration of James Barker, allowing such details to enter the public domain would simply allow others to pick up on Larsen's work and propagate further illegal cheats. Revealing such information in a public filing would not only allow competitors insight into Bungie's security measures, but would also allow new cheat software developers to replicate or even improve on the Cheats. That is a sufficiently compelling reason to keep the referenced material under seal. Bungie has publicly filed redacted copies of the materials, which is sufficient to meet the public's interest in knowing the non-confidential details of these proceedings.

DATED this \_\_\_\_\_ day of _____, 2023.

                                                      Tana Lin
                                                    UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO SEAL -3
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1

2

3   Presented by:

4   By: s/ *Brian W. Esler*
    Brian W. Esler, WSBA No. 22168
5   MILLER NASH LLP
    Pier 70
6   2801 Alaskan Way, Suite 300
    Seattle, WA 98121
7   Telephone: (206) 624-8300
    Fax: (206) 340-9599
8   Email: brian.esler@millernash.com

9   Akiva M. Cohen, New York Bar No.
    4328969 (Admitted *pro hac vice*)
10  KAMERMAN, UNCYK, SONIKER
    & KLEIN, P.C.
11  1700 Broadway
    New York, NY 10019
12  Telephone: (212) 400-4930
    Email: acohen@kusklaw.com
13

    Dylan M. Schmeyer, Colorado Bar No.
14  50573
    (Admitted *pro hac vice*)
15  KAMERMAN, UNCYK, SONIKER
    & KLEIN, P.C.
16  750 W. 148th Ave #4216
    Westminster, CO 80023
17  Telephone: (719) 930-5942
    Email: dschmeyer@kusklaw.com
18
            Attorneys for Plaintiff
19

20  4892-9924-0267.1

21

22

23

24

25

26

ORDER GRANTING MOTION TO SEAL -4
(Case No. 2:21-cv-01112-TL)

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121