UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELITE BOSS TECH INCORPORATED, 11020781 CANADA INC., DANIEL FAGERBERG LARSEN, ROBERT JAMES DUTHIE NELSON, SEBASTIAAN JUAN THEODOOR CRUDEN A/K/A "LUZYPHER," JOHN DOE NO. 4 A/K/A "GOODMAN," YUNXUAN DENG A/K/A "YIMOSECAI," ANTHONY ROBINSON A/K/A "RULEZZGAME," EDDIE TRAN A/K/A "SENTIENT", CHENZHIJIE CHEN A/K/A "CHENZHIJIE402, DSOFT, CVR 37454303, MARTA MAGALHAES A/K/A MINDBENDER A/K/A BLUEGIRL, AND JOHN DOES NO. 9-20, <br><br> Defendants. | CASE NO. 2:21-cv-01112-TL <br><br> ORDER GRANTING MOTION TO SEAL |

ORDER GRANTING
MOTION TO SEAL - 1

This matter comes before the Court on Plaintiff Bungie, Inc.'s Motion to Seal (Dkt. No. 57). Having reviewed the unopposed Motion and all supporting materials, the Court GRANTS the Motion.

## I. BACKGROUND

With its Motion for Entry of Default Judgment, Bungie has filed three unredacted declarations and an unredacted version of its Motion for Entry of Default Judgment. *See* Dkt. Nos. 66–69. These filings contain information about the nature of the Wallhax cheat that Defendants allegedly developed to exploit the Destiny 2 videogame that Bungie created, developed, and distributes, and information about Bungie's anti-cheat prevention efforts. Bungie's Deputy General Counsel, James Barker, states that the information contained in these declarations and quoted in the Motion for Entry of Default Judgment contain "non-public details of how the Defendants in this action were able to develop a working cheat for our Destiny 2 videogame, while my own declaration in support of the motion contains nonpublic information about Bungie's game security and anti-circumvention features." Dkt. No. 58 ¶ 2. Barker also asserts that "[p]ublic disclosure of this information would likely cause Bungie immediate and irreparable harm by exposing Bungie's trade secrets and proprietary security and anticircumvention technology to competitors, as well as providing other cheat manufacturers with a how-to manual for attacking Destiny 2 and harming Bungie." *Id*. ¶ 3.

## II. DISCUSSION

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." *Id*. If not, then the good cause standard will apply.

Here, the compelling interest standard applies to the Motion to Seal because the documents at issue have been filed in support of Bungie's Motion for Entry of Default Judgment which directly concerns the merits of this action and are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101. "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1096–97. The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation and quotation omitted). Examples of compelling reasons include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598–99 (1978).

Bungie has provided sufficient compelling reasons to maintain the sealing of Docket Entries 66–69. Barker identifies that all of the publicly redacted information from these docket entries concerns non-public information whose revelation could allow for the creation of new cheats to the Destiny 2 videogame. Allowing public access could therefore expose Bungie to the very harm it claims to have suffered from the Wallhax cheat. Although Barker's declaration is not robust or particularly detailed, the Court is satisfied that it provides sufficient evidence to find compelling interests that outweigh the public's right of access. And the Court notes that the public has broad access to the majority of the filings, which allow for an understanding of the merits of the issues presented in the Motion for Entry of Default Judgment.

\\

\\

\\

### III. CONCLUSION

Accordingly, the Court GRANTS the Motion and DIRECTS the Clerk to maintain under seal all of the materials filed in Docket Entries 66–69.

Dated this 4th day of May 2023.

*[signature]*

Tana Lin
United States District Judge