The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC.,

Plaintiff,

v.

ELITE BOSS TECH INCORPORATED, 11020781 CANADA INC., DANIEL FAGERBERG LARSEN, ROBERT JAMES DUTHIE NELSON, SEBASTIAAN JUAN THEODOOR CRUDEN A/K/A "LUZYPHER," JOHN DOE NO. 4 A/K/A "GOODMAN," YUNXUAN DENG A/K/A "YIMOSECAI," ANTHONY ROBINSON A/K/A "RULEZZGAME," EDDIE TRAN A/K/A "SENTIENT", CHENZHIJIE CHEN A/K/A "CHENZHIJIE402, DSOFT, CVR 37454303, MARTA MAGALHAES A/K/A MINDBENDER A/K/A BLUEGIRL, AND JOHN DOES NO. 9-20,

Defendants.

Case No. 2:21-cv-01112-TL

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION AND FOR EXTENSION OF TIME TO IDENTIFY OR SERVE REMAINING DEFENDANTS

**NOTE ON MOTION CALENDAR:**
May 25, 2023

## OVERVIEW AND RELIEF REQUESTED

Plaintiff Bungie, Inc. asks the Court to partially reconsider its May 11th Order (Dkt. No. 79) that imposed deadlines for identifying and/or serving additional defendants and

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION - 1
(Case No. 2:21-cv-01112-TL)

Miller Nash LLP
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

amending the complaint, by either eliminating such deadlines or extending them greatly.[1] Bungie continues its efforts to identify the unnamed Doe Defendants, and is actively seeking further information that may allow that identification, but does not have that information yet. With regards to the defendants newly identified in the Amended Complaint, the one defendant that resides in the United States has been served, while the remaining defendants are believed to reside outside of the country and have taken pains to cover their tracks and obscure their residence.

The normal time limit for service "does not apply to service in a foreign country..." Fed. R. Civ. P. 4(m); *see also Lucas v. Natoli*, 936 F.2d 432, 432-433 (9th Cir. 1991) (holding that the time limit of Rule 4(m) does not apply to service on foreign defendants). Thus, Bungie respectfully submits that it is not in violation of Rule 4(m), and that it should not be subject to any artificial limit on effecting such service. If the Court nonetheless feels it must set a deadline for such service on foreign defendants, that deadline should not be until the end of the year, given the vagaries of Hague Convention service. Bungie further requests the Court extend its deadline to amend the complaint to identify any further Doe defendants by at least an additional **60 days** (i.e., until Wednesday, July 24, 2023), which Bungie believes will be enough time to allow it to receive additional information that may allow for that identification. As explained below, Bungie has good cause pursuant to Fed. R. Civ. P. 4(m) to request such an extension; even were Bungie's reasons found to be insufficient, the Court still has discretion to extend the time period for identifying and/or serving such defendants and should exercise that discretion.

**FACTUAL BACKGROUND**

As a result of previous settlements and further investigation, Bungie was able to obtain sufficient information name certain Doe defendants (the "Named Defendants")[2] in its amended

---

[1] Bungie has already complied with part of the order. *See* Dkt. No. 80.

[2] Those defendants being Sebastiaan Juan Theodoor Cruden aka Luzypher; Yunxuan Deng aka Yimosecai; Anthony Robinson, aka Rulezzgame; Chenzhijie Chen aka Chenzhiejie402; "Goodman"; Marta Magalhaes, aka Mindbender,

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION - 2
(Case No. 2:21-cv-01112-TL)

Miller Nash LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

complaint filed on November 30, 2022.  Dkt. No. 43.  However, often all it had were names and/or online handles and the city and country in which those Named Defendants were purported to reside.  *See*, *e.g.*, Dkt. No. 55 (summonses issued on December 30, 2022, which also include what information Bungie then had on the likely residence of those Named Defendants).  As shown on those summonses, Bungie's information at that time showed all but one of those Named Defendants resided outside of the United States.  Dkt. No. 55.

Since that time, Bungie has tried to engage with and further track down those Named Defendants.  Bungie served Eddie Tran, who is the only Named Defendant believed to reside in the United States, on February 28th, 2023.  Tewson Decl., ¶ 3; Dkt. No. 81.  He appeared through his attorneys on April 14, 2023.  Dkt. No. 70, 71.

The remaining Named Defendants are all believed to reside outside of the United States.  Tewson Decl., ¶ 5(identifying the countries in which each of the remaining Named Defendants is believed to reside).  On February 23, Bungie emailed each of the foreign Named Defendants with a request to waive service pursuant to Fed. R. Civ. P. 4(d).  Tewson Decl., ¶ 13.  Those requests have so gone unanswered except for Defendant Magalhaes.  Tewson Decl., ¶ 15.

Those foreign Named Defendants had until April 23, 2024 to return that waiver.  Fed. R. Civ. P. 4(d)(1)(F).  Only a month has elapsed since the deadline passed for those foreign Named Defendants to notify Bungie that they would waive service.  In an effort to control costs, Bungie did not try to begin Hague Convention service proceedings until after that deadline ran.  Tewson Decl., ¶ 22.

Bungie is also currently in the process of attempting to identify the final Doe defendants based on the information Bungie has received through various settlements. Bungie has settled with previous defendants and has put the information it obtained from them to good use. Tewson Decl., ¶ 7.  Bungie issued document subpoenas on May 24th, 2023 to Google (with a

---

aka Bluegirl, aka Bruno Silva; and Eddie Tran, aka Sentient.

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION - 3
(Case No. 2:21-cv-01112-TL)

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

return date of June 15th) to obtain information on a specific account that has not yet been personally identified, such as IP addresses, log-in information, and any registration information. Tewson Decl., ¶ 23.  Bungie expects that this information when received should be sufficient to uncover the identity of this account, which belongs to one of the unnamed Doe Defendants. Bungie is also anticipating a settlement with another cooperative defendant and is preparing to interview that defendant, which interview would hopefully provide further useful information to help Bungie identify Doe Defendants and get further information on the foreign Named Defendants.  Tewson Decl., ¶ 25.  Bungie is optimistic that settlement will be executed within the next 60 days.

As the Court is already aware, the Wallhax Enterprise (in which the various Named Defendants and Doe Defendants are or were involved) is a wide-ranging international conspiracy among various actors to create, market, sell, and profit from the illegal Wallhax Cheat. *See* Dkt. Nos. 28, 77.  Those involved in the Wallhax Enterprise have taken great pains to cover their tracks to make it difficult to identify them. Bungie has been diligent in seeking to uncover such actors, and each settlement helps illuminate different aspects of the Enterprise. Each interview Bungie conducts and new information it obtains unveils new facets, and sometimes entirely new elements, of this illicit enterprise, which in turn creates new avenues to investigate and new sources of information to pursue that helps Bungie identify further Doe defendants or get better information about Named Defendants. The intelligence obtained from Bungie's settlements to date allowed Bungie to identify the Named Defendants in the Amended Complaint. Bungie is optimistic that this next round of negotiation and investigation will achieve similar results.

## ARGUMENT

**A.    The Court should reconsider its deadlines as Rule 4(m) does not apply to service on foreign defendants.**

By its explicit text, Rule 4(m) "does not apply to service in a foreign country . . .." Fed. R. Civ. P. R. 4(m).  The Ninth Circuit has unambiguously held that the time limit of Rule 4(m)

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION - 4
(Case No. 2:21-cv-01112-TL)

Miller Nash LLP
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

does not apply to service on foreign defendants. *Lucas v. Natoli*, 936 F.2d 432, 432-433 (1991);[3] *accord Pennsylvania Orthopedic Ass'n v. Mercedes-Benz A.G.*, 160 F.R.D. 58, 60-61 (E.D. Pa. 1995) ("[t]he few courts that have addressed this aspect of Rule 4(m) have held that the rule acts to remove any deadline for serving a complaint in a foreign country.").

The Civil Rules do not impose any deadline for locating and serving foreign defendants, and neither should this Court. To the best of Bungie's knowledge, the remaining unserved Named Defendants reside in foreign countries, and thus if they will not willingly accept service, and unless the Court allows alternative service of process by email or other means,[4] Bungie will have to resort to the more cumbersome and often lengthy process under the Hague Convention. Thus, Bungie requests that the Court vacate that portion of its Order that suggests the remaining Named Defendants will be dismissed, and allow Bungie to continue with its efforts to better identify, locate, and serve the remaining Named Defendants without any artificial deadline.

**B.   THE COURT SHOULD EXTEND ANY DEADLINES FOR AMENDING THE COMPLAINT OR OTHERWISE SERVING REMAINING DEFENDANTS**

A plaintiff should generally be given a chance through discovery to identify unknown Doe defendants. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). As in *Gillespie*, Bungie's outstanding subpoena to Google, along with an expected interview of another participant in the Wallhax Enterprise, is likely to allow for identification of and service on additional Doe defendants. The Court's recent Order on Bungie's motion for default judgment demonstrates that Bungie's claims against the remaining Doe Defendants have merit. Dkt. No.77.

---

[3] The Ninth Circuit was there interpreting the language of former Rule 4(i), which has now become Rule 4(m). The operative language regarding service in foreign countries has not changed.

[4] Bungie is aware that this Court has denied such requests before. *Fang Cong v. Xue Zhao*, Case No. 2:21-cv-01703-TL (W.D. Wash. August 17, 2022). However, in this instance, such alternative service may be warranted, as the remaining Named Defendants are deliberately elusive because of the criminal nature of their enterprise.

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION - 5
(Case No. 2:21-cv-01112-TL)

Miller Nash LLP
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

However, the Court's 14-day deadline is too short to enable Bungie to develop this information. An additional 60 days would enable Bungie to conclude its ongoing investigations and obtain further third-party discovery to enable it to identify any remaining "Doe" Defendants that can be identified. If given that requested additional 60 days, Bungie should be able to file a further amended complaint that identifies any remaining Doe defendants. Further, the requested extension would allow Bungie to conclude its ongoing settlement negotiations, which will probably reveal further information about the Wallhax Enterprise. This would result in the clearest possible picture of the extant parties against whom Bungie still has live claims and enable it to provide the clearest information to the Court.

In the interest of respecting judicial resources and time, Bungie submits this request for a 60-day extension of time to file an amended complaint naming any remaining Doe Defendants that can be identified. Further, if for any reason the Court determines that it is going to impose a deadline for service on the foreign Named Defendants despite the dictate of Rule 4(m), Bungie request that deadline not be until at least the end of the year, as it may take that long for Hague Convention service if the Court will not permit alternative means of service (see n. 3, *supra*).

## **CONCLUSION**

For all of the above reasons, Bungie's Motion for Reconsideration should be granted; the Court should eliminate any deadline for serving the remaining Named Defendants, and extend until at least July 24, 2023 the deadline for Bungie to file an amended complaint naming any further Doe defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION - 6
(Case No. 2:21-cv-01112-TL)

DATED this 25th day of May, 2023.

By: s/ *Brian W. Esler*
Brian W. Esler, WSBA No. 22168
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Telephone: (206) 624-8300
Fax: (206) 340-9599
Email: brian.esler@millernash.com

Akiva M. Cohen, New York Bar No. 4328969
(Admitted *pro hac vice*)
KAMERMAN, UNCYK, SONIKER
& KLEIN, P.C.
1700 Broadway
New York, NY 10019
Telephone: (212) 400-4930
Email: acohen@kusklaw.com

Dylan M. Schmeyer, Colorado Bar No. 50573
(Admitted *pro hac vice*)
KAMERMAN, UNCYK, SONIKER
& KLEIN, P.C.
750 W. 148th Ave #4216
Westminster, CO 80023
Telephone: (719) 930-5942
Email: dschmeyer@kusklaw.com

Attorneys for Plaintiff

4889-9859-8502.1

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION - 7
(Case No. 2:21-cv-01112-TL)

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599